PUBLISH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 13-cv-02033-REB

MAURICE THOMAS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

## ORDER REVERSING DISABILITY
## DECISION AND REMANDING TO COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed July 31, 2013, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand on the limited grounds noted here.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of degenerative disc disease of the spine, migraine headaches, bilateral shoulder impairments, and bilateral plantar fasciitis. After his application for disability insurance benefits was denied, plaintiff requested a

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

hearing before an administrative law judge. This hearing was held on March 16, 2012. At the time of this hearing, plaintiff was 46years old. He has an associate's degree in engineering management and past relevant work experience as a communications and cable maintenance worker, systems controller, and IT consultant. He has not engaged in substantial gainful activity since January 1, 2008, his alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. Other alleged impairments were found not severe. The ALJ found that plaintiff had the residual functional capacity to perform a range of light to sedentary work with further postural and environmental limitations. Based on this determination, the ALJ concluded that plaintiff could return to his past relevant work as an IT consultant. Alternatively, the ALJ found that even if plaintiff could not perform his past relevant work, there were other jobs existing in significant numbers in the national and local economies that he could perform. He therefore found plaintiff not disabled at both step four and step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social

Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. **Id.** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. **Brown**, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. **Id.**

### III. LEGAL ANALYSIS

Plaintiff alleges several grounds of error in this appeal. Most of them appear to be largely without merit. However, because the ALJ's finding that plaintiff's migraine headaches were not medically equivalent to any listed impairment is not properly supported, I am constrained to remand for further determination on that limited issue.

Plaintiff alleged disability on the basis of, *inter alia*, migraine headaches. At step 3 of the sequential evaluation, the ALJ must determine whether the claimant's alleged impairments, singly or in combination, meet or medically equal one of the impairments set forth in the Commissioner's Listing of Impairments (the "listings"). **See** 20 C.F.R. Pt. 404, Subpt. P, app. 1. The listings set forth medical criteria pursuant to which impairments of various bodily systems will be considered presumptively disabling. 20 C.F.R. § 404.1520(d). **See Sullivan v. Zebley**, 493 U.S. 521, 532, 534-35, 110 S.Ct. 885, 893, 107 L.Ed.2d 967 (1990). Although there is no separate listing for migraines, the Commissioner has stated that the most analogous listing is section 11.03, which sets forth criteria for non-convulsive epilepsy. **See** 20 C.F.R. Pt. 404, Subpt. P, app. 1, § 11.03. **See** Empire Justice Center, **SSA Q & A 09-036 Migraines** (available at http://www.empirejustice.org/issue-areas/disability-benefits/rules–regulations/ssa-qa-09-036-migrains.html#.VCBxymctDTs) (last accessed Sept. 22, 2014). The ALJ stated that he "considered the neurological listings at 11.00 based on the claimant's severe impairment for migraine headaches and finds the criteria of no listing is met or equaled." (Tr. 27.)

This finding, however, is not supported by substantial evidence. "While the ALJ

is responsible for deciding the ultimate legal question of whether a listing is met or equaled, the ALJ must receive state agency doctors' judgments on the issue of medical equivalence into the record as expert opinion evidence." ***Carbajal v. Astrue***, 2011 WL 2600984 at *2 (D. Colo. June 29, 2011) (citation and internal quotation marks omitted). ***See also* Social Security Ruling** 96-6p, 1996 WL 374180 at *3 (SSA July 2, 1996). The requirement that medical equivalence be established by the opinion of a medical expert is satisfied, *inter alia*, by the signature of a State agency medical or psychological consultant on at least one of the forms typically used by the Commissioner to assess disability at the initial stages of the administrative process. ***See* Social Security Ruling** 96-6p, 1996 WL 374180 at *3. The ALJ noted that the record contained several such opinions in this case. (Tr. 26 (citing Tr. 90-102 (Dr. Berkowitz), 971-984 (Dr. Glasco), 985-992 (Dr. McIlhenny), 993-1001 (Dr. LoGalbo)).)

Unfortunately, none of these opinions addressed plaintiff's migraines or assessed whether his complaints were medically equivalent to section 11.03 of the listings.[2] "[L]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." **Social Security Ruling** 96-6p, 1996 WL 374180 at *3 (SSA July 2, 1996). Here, the finding that plaintiff's migraines

---

[2] The Commissioner's suggestion that the opinion of Dr. Mark Berkowitz supports the ALJ's findings in this regard is unfounded. Dr. Berkowitz's signature appears above the case analysis of the criteria applicable to assessing whether psychological disorders are of listing-level severity. (***See*** Tr. 96.) The physical residual functional capacity assessment that follows, however, is signed by Valerie King, SDM. (Tr. 99.) Moreover, even if Dr. Berkowitz had endorsed a finding of medical equivalence under section 11.03, the court would question whether Dr. Berkowitz, a psychiatrist, would be qualified to make such a determination.

did not medically equal the listings was made by a Single Decision Maker ("SDM"). (*See* Tr. 99.)  *See supra* note 2.  An SDM is not a medical professional, *see* ***Velasquez v. Astrue***, 2008 WL 791950 at *3 (D. Colo. Mar. 20, 2008) (Blackburn, J.), and therefore, the opinion of an SDM does not satisfy the requirement that the finding of medical equivalence be supported by the opinion of a physician or psychologist, *see* ***Lindsey v. Commissioner of Social Security***, 2013 WL 6095545 at *6 (E.D. Mich. Nov. 20, 2013); ***Elliott ex rel. Elliott v. Astrue***, 2011 WL 4485907 at *5-6 (D. Colo Sept. 28, 2011).  Accordingly, I am constrained to remand so that such an opinion can be obtained.

This is unfortunate in this case, as none of plaintiff's remaining arguments would appear to merit remand otherwise.  The record in this case is particularly voluminous, containing multiple medical and other source opinions and years of treatment and other records.  The ALJ's yeoman-like effort in analyzing this prodigious record is extraordinarily thorough and detailed, and is to be commended as exemplary.  Were I to consider the other issues assigned as error here, I would be hard-pressed to find any other error, let alone reversible error, in the ALJ's decision.  Nevertheless, because these issues potentially might be impacted on remand, it would be prodigal to address them now.  *See* ***Watkins v. Barnhart***, 350 F.3d 1297, 1299 (10th Cir. 2003); ***Gorringe v. Astrue***, 898 F.Supp.2d 1220, 1225 (D. Colo. 2012).

I thus will remand for the limited purpose of requiring the Commissioner to obtain an opinion on medical equivalence as to plaintiff's migraines.  Although plaintiff intimates that a directed award of benefits may be appropriate here, I find that this case

to be a particularly inappropriate instance for the exercise of my discretion in that regard.[3]  See **Nielson v. Sullivan**, 992 F.2d 1118, 1122 (10th Cir. 1993).

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ to:

   a. Solicit the opinion of a medical expert as to whether the evidence supports a conclusion that plaintiff's migraine headaches are medically equivalent to section 11.03 of the listings;

   b. Reevaluate the determination at step 3 with respect to migraines in light of this opinion; and

   c. Reassess the disability determination; and

3. That plaintiff is **AWARDED** his costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated September 22, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[3] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.