**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02033-REB

MAURICE THOMAS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER DENYING PLAINTIFF'S PETITION FOR FEES UNDER 28 U.S.C. § 2412**

**Blackburn, J.**

The matter before me is **Plaintiff's Petition for Fees Under 28 U.S.C. § 2412** [#25],[1] filed December 11, 2014. I deny the motion.

In this case, plaintiff appealed the Commissioner's decision denying plaintiff's application for disability insurance benefits. I found that the ALJ committed legal error at step 3 of the sequential evaluation in failing to obtain a medical opinion as to whether plaintiff's migraine headaches were medically equivalent to any listed impairment. I therefore reversed the disability determination and remanded to the Commissioner for further proceedings.

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides, in relevant part:

---

[1] "[#25]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[2]  As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." **Pierce v. Underwood**, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).  Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the Commissioner's position.  **Id**., 108 S.Ct. at 2550; **Gilbert v. Shalala**, 45 F.3d 1391, 1394 (10th Cir.), **cert. denied**, 116 S.Ct. 49 (1995).  Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," **Pierce**, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," **id**. at 2550 n.2.  For this reason, a finding that the Commissioner's position was not supported by substantial evidence does not necessarily lead to a finding that the Commissioner's position was not substantially justified.  **Hadden v. Bowen**, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

The Commissioner bears the burden of demonstrating that her position was substantially justified.  **Gilbert**, 45 F.3d at 1394.  I have discretion in determining

---

[2] The parties apparently stipulate that plaintiff is a prevailing party for purposes of the EAJA. **See Shalala v. Schaefer**, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (party who secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing party).

whether this standard has been met.  ***Pierce***, 108 S.Ct. at 2548-49; ***Stephenson v. Shalala***, 846 F.Supp. 49, 50 (D. Kan. 1994).  In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items." ***Commissioner, Immigration and Naturalization Service v. Jean***, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990).  "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action."  ***Jackson v. Chater***, 94 F.3d 274, 279-80 (7th Cir. 1996).

Based on the particular facts of this case, I find and conclude that the government's position in the context of the entirety of this litigation was substantially justified.  Although substantial justification cannot be reduced to a tallying of the number arguments won by either side of the appeal, *see **Hauser v. Astrue***, 2009 WL 2592608 at *1 (E.D. Wis. Aug. 20, 2009), the error committed by the ALJ in this case was minor and almost certainly was inadvertent.[3]  In fashioning his ruling, the ALJ was required to digest and synthesize a voluminous medical record, a task which he clearly took seriously and executed conscientiously.  As I noted in my order remanding the case, the necessity of remand

> is unfortunate in this case, as none of plaintiff's remaining
> arguments would appear to merit remand otherwise.  The
> record in this case is particularly voluminous, containing
> multiple medical and other source opinions and years of
> treatment and other records.  The ALJ's yeoman-like effort in

---

[3] There is nothing in the copious record to suggest affirmatively that plaintiff's impairment is actually medically equivalent to a listed impairment or otherwise contradict the ALJ's determination that medical equivalence was not shown.  On remand, the court fully expects that the Commissioner will rectify the oversight in this respect quickly, and the outcome likely will be the same.  ***See Thomas v. Astrue***, 475 Fed. Appx 296, 198 (10th Cir. April 11, 2012) (upholding denial of attorney fees under EAJA where ALJ merely failed to articulate weight given to medical expert's opinion but was unlikely, on remand, to change his substantive assessment of the evidence).

3

> analyzing this prodigious record is extraordinarily thorough
> and detailed, and is to be commended as exemplary. Were I
> to consider the other issues assigned as error here, I would
> be hard-pressed to find any other error, let alone reversible
> error, in the ALJ's decision.

(**Order Reversing Disability Decision and Remanding to Commissioner** at 7 [#23], filed September 22, 2014.) Given the depth and breadth of the ALJ's work in this matter, and viewing the case as a cohesive whole, I find and conclude that the Commissioner's decision to rely on it in opposing plaintiff's largely insupportable claim for benefits was substantially justified.[4] Thus, I decline to exercise my discretion to award plaintiff his attorney fees.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Petition for Fees Under 28 U.S.C. § 2412** [#25], filed December 11, 2014, is **DENIED**.

Dated January 12, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[4] ***Cf. Stringer v. Apfel***, 1998 WL 774138 at *2 (N.D. Ill. Oct. 29, 1998) (Commissioner's position not substantially justified where ALJ failed to fully and fairly develop administrative record; "Simply put, the administrative record in this case was so poorly developed that the Secretary could not reasonably rely upon it to defend its position.").

4